PER CURIAM.
In this appeal from a final judgment of dissolution of marriage, Mr. Bagnall contends that the trial court improperly imputed unemployment compensation income to him from unemployment benefits for which he is not eligible. The written order is ambiguous as to the source of the imputed income.[1] If the husband is not entitled to unemployment benefits, imputing such benefits would be erroneous. The final order is reversed and remanded for a clarification as to the source of the imputed income.
Reversed and remanded.

. The relevant language of the final judgment provides:
G. That the husband’s current income is limited to that of Sunrise Unlimited ($50,000 + gross annually) which can immediately be supplemented by unemployment compensation benefits of approximately $200 per week for the next six to nine months.
H. That the court will impute additional income to the husband of $24,000 annually in anticipation of his obtaining full time employment as an accountant/controller (allowing for a 50% reduction from his Mertens salary) with said imputed salary replacing the unemployment compensation benefits.